Please be seated. Welcome to the Ninth Circuit. The judges have read the briefs and the record. We're anxious to hear your arguments. The first case on for argument is Johnson v. McGrath. Counsel? Yes. Good morning, Your Honors. My name is David Martin, the attorney for Mr. Johnson. Regarding this case, my concern by far is something that somewhat mystifies me, and that is how my client's third claim somehow got missed by both the AG and the district court in this case. We have a system where we do have a habeas system, but it's also pretty recognized, but in rare cases counsel are not provided. And as a result, we have, as we have here, a somewhat illiterate person trying to represent his rights as best he can. Are you talking about the uncertified claim? Well, the question I have to ask, I addressed that question in two different ways. I said, first of all, should we? You start with just a yes or no. Are you now talking about the uncertified claim? I'm talking about, as I addressed it first, it should be deemed certified under ineffective assistance or as the uncertified claim. I addressed it both ways. But you are talking about the uncertified claim? In part, yes. Okay. Did you ask this Court to expand the certificate? I mean, before you go off blaming the State and the district court, et cetera? Did you do that? Yes. It's my understanding. I handled this particular issue, and I went through it with my supervisor, and it's my understanding that I did phrase that frame, phrase that question in the appropriate way. Yes, if I'm wrong, this is the first time I'm aware of that. Go ahead and address the merits. This dichotomy here, the fact that we've got people who are really not at all capable of stating these kind of issues, it has been, in my mind, at least in the last several years, been handled somewhat by the fact that it's common for State appellate counsels, which I've done a great deal of, to advise the client to please attach your brief. And as a result, by attaching the brief, then the client can so do so, and even though they may not be able to state their issues, the issue has been effectively stated by the counsel. And then the Court has the advantage, because certainly a great advantage trying to read a State appellate counsel's brief as opposed to some client's interpretation of the facts. So it aids the Court, because everything is right there for the Court to read. It makes it possible for the client to state his case in a way they would otherwise not be able to do so. And it's something I always thought was uniformly respected, although when I researched this and I was looking for the case law that stated that, in fact, the attachment of a State counsel's brief were done, and it was clearly done, at least as to number three, you know, as this C petition. I could find no cases on it. The only attachment case I found, which I must embarrassly state that I miscited, 748 was actually F2nd 38. It's actually 784F2nd 38, which I gave five copies to the clerk, really talk about something different. But it had been my assumption, I think it's the assumptions of a lot of attorneys, at least appellate attorneys, that this is something that's pretty much automatic. If, in fact, the client attaches and says, you know, this is my claim, attached to this is the State brief, you know, my claim is within that brief, then, therefore, that's respected court and then dealt with. That's not what occurred in this case. And the whole problem with certification came back. Since the client has no knowledge whatsoever of what's going on, he doesn't even know his issue hasn't even been certified, really. Well, is this a constitutional claim now? Well, right now, I think we're talking about a procedural, a Federal procedural. Well, how do you get up here on habeas anyway? By stating a constitutional claim is in the actual merits of the State brief, which was that they used the wrong statement. But to get here, you have to say it's on some constitutional deprivation, don't you? Right. And that was in the State brief. It was never recognized. You have no constitutional right to counsel and appeal. Well, but that's not the issue I think that you're discussing is the question of whether or not this issue had been fully briefed in State court. Well, I don't know whether it was or not, but we're under or operating under that statute that restricts habeas, are we not? Right. Correct. And we've got to see that there's some clearly established law by the Supreme Court that you are resting on. And what is it? What is your constitutional case that gets you here? Now, the judge is not asking you where it was raised, how it was described. How would you characterize right now the constitutional claim? That in fact, the – if you're talking about the State claim? Well, whatever constitutional claim you have, where is it? The constitutional claim, which I – you know, was stated inside the State brief, which as I told the Court, like I haven't went into the merits of what was in that State brief. Is your constitutional claim that your client was deprived of due process by the failure of a duress or necessity instruction to be given at trial? Yes. Right. Okay. That's what he was asking. My apologies. Not what the brief or whatever. That's your claim, right? Right. I guess my point of it is, is that my position is here that was never heard in district court. That's never been decided. What should happen is it should be sent back. That leads to the next question. Was it ever presented? Let's start with the direct appeal. Yes, it was ever presented. Yes, it was. In the direct appeal in State court? Yes, it was. Okay. Was it presented on collateral review in State? No, it wasn't. State collateral review? No, it was not. And was it presented in the habeas petition? It was presented in the habeas, the Federal habeas petitions, yes. Okay. And there was an issue, obviously, of whether State grounds were exhausted because the appellate counsel in this case filed that brief late, and the Supreme Court refused to hear it. However, and certainly I would agree that the AG had the right to claim that the State claim was not exhausted. But, in fact, what the AG said, the State claims were exhausted, and it's our position that that is waived. We've got a lot of hoops procedurally to get through before you finally get to the merits of the instructional. Let me get there. What's wrong with giving a necessity instruction under these circumstances rather than a duress instruction? Well, the problem was is that it was totally irrelevant to his case.  No, but duress doesn't seem to fit. Usually duress is a threat from some person, and your response to the threat from that person. Here, he's electing because he thinks his child is in danger, but he's not acting under duress or a threat or coercion. He's just acting under what he thinks is necessary. So under the case law, I didn't see much wrong with giving a necessity instruction as opposed to a duress instruction. Can you enlighten me? If we get through all the hoops to the merits of this thing, why do you think it has a valid claim? Well, that's not something that I'm pretty much proceeding on procedural grounds, but my understanding of the problem with that attack is it had no relevance to his situation. It was all stated in such a way as, in his defense, his life was in danger. Well, clearly, his life wasn't in danger. Right. And so consequently, it left him with no argument. I mean, this was a case, by the way, where the client represented himself. All right. Yeah. I don't understand. At the end of the day, if you get through all the procedural hoops, you're claiming that you're deprived of due process because your client didn't get this instruction. Tell me why, on the merits, you should win that claim, because I don't understand it. I understand your feeling that the necessity instruction was perhaps irrelevant, but why was the duress instruction relevant? I've looked at the elements of duress. They don't seem to fit the facts of the case. So tell me why you think it does. Well, the problem that I see is that that's the only defense he had, is the fact that he could say that he was trying to save his daughter's life, or at least thought he was, that he was going to see his daughter for the last time in his  That's the only defense he had. And he was deprived of the only defense he had. Now, admittedly, it was a bit of an uphill argument, especially since he was representing himself, but that's my understanding. You have about a minute. Would you like to save it for rebuttal? Yes, Your Honor. Okay. Thank you for your argument. We'll hear from the State at this time. Counsel. Ms. Warwick. May it please the Court, my name is Tammy Warwick. And I represent the Respondent, Joe McGrath. Would you mind raising your voice just a little bit and speaking into the microphone? Do you need me to repeat that? That's good. First of all, I'd like to address the fact that Petitioner has stated that they have requested a certificate of appealability as to the instructional error claim. And formally, that was not done. It was not requested from the district court nor this court. It is being requested in the brief that is before you. As far as the claim being raised in the federal petition, clearly the district court, as well as our office, did not construe there to be a claim for instructional error. The only reference that was made was C, Exhibit Petition for Review. And considering the fact that the ineffective assistance of appellate claim was stated and a summary was given and it was based on the fact that the petition for review was not filed, it is not clear at all that Petitioner was raising a separate claim. And under the rules governing habeas, he has to specifically state his grounds for relief and his facts supporting that claim. And what's also telling is that as they went through the process, in the answer there was no briefing of the instructional error claim. In Petitioner's Traverse, he did not raise it and address the fact that the Attorney General's Office did not address that claim. And more importantly, in the findings and recommendations, the district court made it clear that in a footnote that it had difficulty deciphering the claims. It had done the best it could, and there were two claims raised. And when Petitioner never filed objections to the findings and recommendations, in his notice of appeal, he never requested the issue be certified or addressed. And now on appeal in this court, Petitioner is claiming that that claim was raised and it should be incorporated with the ineffective assistance of appellate counsel claim. And clearly that does not meet the federal rules. And Petitioner had a lot of opportunities to try to raise that claim and say that no one had addressed it, and he didn't. And therefore, he should be precluded from now saying this claim was raised and should be considered by this court. It was pro se until he reached this court, correct? That is correct. Well, don't you reach the claim anyway because of a prejudice analysis on ineffective assistance of appellate counsel? I mean, to analyze whether or not the failure of appellate counsel had prejudice or prejudice declined, you have to look at what the arguments the appellate counsel is going to make, don't you? That is true, but not where there's not a federal constitutional claim. I mean, his claim is precluded because the United States Supreme Court has said there's no right to effective assistance of appellate counsel on discretionary review. So there's not even a merits analysis because he doesn't have a federal constitutional right to be in federal court. The claim he's raising goes a bit further than that, too, because he's arguing cause and prejudice for failure to exhaust this claim on collateral review. And he's arguing, of course, there was no collateral review of this issue because no collateral review was filed. So, I mean, anyway you slice it, it may not fully come in, but we have to consider it on the merits. So what's your view of the merits of the instructional claim? Well, the Court of Appeals addressed that and the position, if this claim, assuming if this claim had been briefed and we were going back to deal with it, is that it wasn't, the Court of Appeals decision was not contrary to an unreasonable application of law. It's not a due process violation. My understanding of the claim, and again, having briefed the merits because it has not been certified for appeal, is that the duress instruction, first of all, the Court of Appeals did find that the necessity instruction should not have been given because petitioner's own life was not in danger. But as to the duress claim, that there was a threat to his daughter, it didn't meet, there was not substantial evidence to give that instruction because his own testimony had precluded the fact that he was acting to prevent a threat. He already knew by his own testimony as of October 17th, the day she had surgery, that he was an appropriate donor, and that on October 22nd, when he actually, of 1999, when he actually escaped, he claimed that he already knew that the liver transplant had happened. So the Court of Appeals decision was that there was no prejudice because of the fact there was not substantial evidence to support this instruction, so it shouldn't have been given. How much additional time did he receive as a result of this conviction? Six years. That was to run, I believe, consecutively with his 25 years to life term. Unless there are further questions, the Respondent will submit. I don't see any. Thank you very much for your argument. Rebuttal. You have about a minute. There was a dispute regarding, you know, what he knew. Essentially, there was evidence that the counselor of the jail had been told a bunch of things. There was no evidence whatsoever that my client was ever told this, and that he knew, in fact, his client was in danger. As for any ambiguity in terms of that incorporation, I guess, for me, that's the thing that concerns me a great deal, because I do a lot of this, and I do a lot of giving it to the client, here, incorporate this. I guess that's my short answer. I don't see the ambiguity when he says, state your grounds, ground three, see my attorney's brief. I just don't see any ambiguity. He's included that claim. And yet, both the district court and AAG says, well, that's not included. And that is, quite frankly, by far and away, my greatest concern, because we do this a lot. And I also think that for guys like this, this is the only chance he has to state a viable claim, is to be able to do exactly that. Thank you. Okay. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Noonan, Hawkins, Thomas